IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| CHRISTOPHER L. BILLUPS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> AT&T CORPORATION, SOUTHWESTERN ) <br> BELL TELEPHONE COMPANY, ) <br> COMMUNICATION WORKERS OF ) <br> AMERICA, DUSTIN STUART, and ) <br> KORY VAUGHAN, ) <br> ) <br> Defendants. ) | Case No. 2:22-cv-04116-MDH |

## ORDER

Before the Court are the following motions: Defendants AT&T Corp. And Southwestern Bell Telephone Company's Motion To Dismiss Plaintiff's Petition (Doc. 8); Defendants Communication Workers Of America, Dustin Stuart, And Kory Vaughan's Motion To Dismiss Or, In The Alternative, Motion For Summary Judgment (Doc. 11); Plaintiff's Motion to Remand (Doc. 17); and Plaintiff's Motion for Leave to File Right to Sue Letter (Doc. 30). The motions are ripe for review.

## BACKGROUND

Plaintiff filed his employment related lawsuit in the Circuit Court of Pettis County, Missouri against the Defendants alleging the following counts: Count 1 – Age Discrimination (MHRA) against all Defendants; Count 2 – Unlawful Practice of Law against defendants CWA, Stuart, and Vaughan; Count 3 – Negligence against all Defendants; and Count 4 – Additional Unlawful Discriminatory Practice (MHRA) against Defendants AT&T, Southwestern Bell, and CWA. Defendants CWA, Stuart and Vaughan removed the case to this Court pursuant under 28

1

U.S.C. §§ 1331, 1337, 1441, and 1446 arguing Plaintiff's claims are covered by § 301 of the Labor Management Relations Act (LMRA).

Plaintiff was previously employed as a technician by defendants AT&T Corp. and Southwestern Bell Telephone Company. Plaintiff was also a member of Communication Workers of America ("CWA") a national union. On June 30, 2020, Plaintiff was parked in his company vehicle closing out a job when he was struck by a tractor trailer hauling oversized tires. The oversized tires were damaged during the accident.

Plaintiff was called in by his managers on July 6, 2020, to discuss the accident. Plaintiff was represented by Dustin Stuart who was president of CWA, Local 6314 at the time. Plaintiff was given 24 hours to decide whether he wanted to resign and was told by the managers that if he did not resign the employer could fire him. Following the meeting, Plaintiff alleges Stuart called Plaintiff and told him that if he did not resign, he was at risk for being sued for almost $100,000.00. Plaintiff alleges Stuart recommended that Plaintiff resign.

Plaintiff alleges the next day he spoke with Kory Vaughan, a CWA steward, and told him about Stuart's advice. Plaintiff alleges Vaughan informed him that his father was a retired police officer and his understanding was that Plaintiff could be responsible for the tires if he were fired but not if he resigned. Plaintiff contends he felt he had no choice but to resign based on Stuart and Vaughan's advice.

Plaintiff's Complaint further alleges that the treatment he received was because of his age. Plaintiff contends he was pressured to resign, was provided false and misleading legal advice by non-lawyers in order to induce his resignation, and was falsely advised he would be liable for $100,000 in damages if he did not resign. Plaintiff alleges Defendants never "threatened younger

employees or younger union members who have been in accidents that they would be personally liable for any damages caused if they refuse to resign."

CWA has attached a copy of the collective bargaining agreement ("CBA") that governed Plaintiff's employment with AT&T/Southwestern Bell to its motion. Stuart and Vaughan assisted members of Plaintiff's bargaining unit by accompanying them to disciplinary meetings and filing grievances on their behalf over discipline and other matters arising under the CBA.

Article IV of the CBA, is entitled ARBITRATION and states:

Section 1. If, during the term of this Agreement, with respect to the 2017 Departmental Agreement effective April 9, 2017, between the Union and the Company, and subsequent agreements which by specific reference therein are made subject to this Article, a difference shall occur, between the 198 Union and the Company, and continue after all steps in the "Formal Grievance" procedure established in the 2017 Departmental Agreement shall have been undertaken and completed, regarding:

c. the dismissal for just cause of any employee with more than one (1) completed year's Net Credited Service, or

d. the disciplinary suspension for just cause of any employee ….

Defendants state Plaintiff did not request that CWA, Stuart, or Vaughan file a grievance on his behalf. Defendants further argue Plaintiff's claims are covered by the CBA and that the CBA completely preempts any state law claims brought by Plaintiff.

Plaintiff filed a charge of discrimination with the MHRA. Plaintiff has a pending Motion for Leave to File Right to Sue Letter that he filed in response to the pending motions to dismiss because Defendants argue Plaintiff failed to obtain a right to sue prior to filing suit. (Doc. 30).

## STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Such courts can only hear cases that they are authorized to hear by the Constitution or a statute. *Id.* An action may be removed from state court to federal district court if

3

the case falls within the original jurisdiction of the district court. 28 U.S.C. § 1441(a) and 1446(b). A removing defendant "bears the burden of establishing that the district court ha[s] original jurisdiction by a preponderance of the evidence." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Id.*, citing *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010).

"To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is facially plausible where its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The plaintiff must plead facts that show more than a mere speculation or possibility that the defendant acted unlawfully. *Id.; Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the Court accepts the complaint's factual allegations as true, it is not required to accept the plaintiff's legal conclusions. *Ashcroft*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

The court's assessment of whether the complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679. The reviewing court must read the complaint as a whole rather than analyzing each allegation in isolation. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

## DISCUSSION

1. **Motion to Remand**

Plaintiff moves to remand arguing that his claims based on the MHRA (Counts 1 and 4), his unlawful practice of law claim pursuant to Missouri statute (Count 2), and his common law

negligence claim (Count 3) are all state law claims that do not give rise to federal jurisdiction. Plaintiff states that his claims are not preempted and that Defendants preemption arguments are defenses to Plaintiff's claim in state court, not the basis for federal jurisdiction.

First, the parties do not dispute that the MHRA claims are not preempted by the NLRA. See *Markhan v. Wertin,* 861 F.3d 748, 759-60 (8th Cir. 2017). The Notice of Removal states the Court has supplemental jurisdiction over Counts 1 and 4 (the MHRA claims) because they are related to Counts 2 and 3.

In Counts 2 and 3 Plaintiff clearly intends to raise state law claims. Count 2 is a claim for unlawful practice of law based on a Missouri statute and Count 3 is a Missouri common law claim for negligence. To begin, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017). It is well settled "that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption." *Id.* at 393.

The Court begins its analysis with Count 3, a claim against all Defendants. The Union Defendants filed the opposition to Plaintiff's motion to remand but all Defendants argue in the motions to dismiss that Plaintiff's common law claim for negligence is preempted by the MHRA and LMRA. Defendants argue the MHRA is the exclusive remedy for any and all claims arising out of an employment relationship and Plaintiff's claim of negligence based on "inaccurate legal advice" and his decision to quit because of "negligent" advice falls under the MHRA. See *Huskey v. Petsmart*, No. 18-00813-CV-W-NKL, 2019 WL 122873, at *2 (W.D. Mo. Jan. 7, 2019); *Reese v. Tyson Foods, Inc*. No. 3:21-05087-CV-RK, 2021 WL 5625411, at *6 (W.D. Nov. 30, 2021); *Francis v. Compass Group USA, Inc.*, 572 F.Supp.3d 706, 709-11 (E.D. Mo. 2021) (MHRA

abrogates common law wrongful termination claim). In addition, Defendants argue Plaintiff's negligence claim is also preempted by the LMRA as the claim is dependent upon the analysis of a CBA. See *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985); *Lingle v. Norge Division of Magic Chef*, 486 U.S. 399, 410 (1988).[1]

In response, Plaintiff states he "does not challenge AT&T Defendants' arguments that the negligence claim against them is preempted by the MHRA." (Doc. 16, p. 10). As a result, with regard to the AT&T defendants the only remaining claims are the MHRA state law claims and those claims should be remanded. While conceding the negligence claim against the AT&T defendants, Plaintiff states that the negligence claims against Stuart and Vaughan are not preempted by the MHRA. Plaintiff does not elaborate on this argument and the Court finds it unpersuasive.

The Union Defendants argue that this case falls within the narrow complete preemption exception to the well-pleaded complaint rule. That rule states, "[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id*. This "complete pre-emption corollary to the well-pleaded complaint rule is applied primarily in cases raising claims pre-empted by § 301 of the LMRA." *Id*. (noting that "[f]or 20 years, this Court has singled out claims pre-empted by § 301 of the LMRA for such special treatment"). Accordingly, "[s]ection 301 governs claims founded directly on rights created by collective-bargaining agreements, and also claims 'substantially dependent on analysis of a collective-bargaining agreement.'" *Markham v. Wertin*, 861 F.3d 748, 754–55 (8th Cir. 2017). Thus, we have said that

---

[1] As discussed herein, the Court does not find that the negligence claim is dependent on the terms of the CBA. However, whether the CBA will provide a defense to Plaintiff's claims in state court is an issue for the state court to determine.

6

"the claim must require the interpretation of some specific provision of a CBA; it is not enough that the events in question took place in the workplace or that a CBA creates rights and duties similar or identical to those on which the state-law claim is based." *Id.* at 755.

Defendants argue Section 9(a) of the NLRA covers any duty of care owed by Defendants in connection with their representation of Plaintiff and therefore the common law negligence claim is preempted. Defendants cite *Hansen v. Qwest Commc'ns*, 564 F.3d 919, 924 (8th Cir. 2009) in support of their argument that negligence is preempted. However, in *Hansen*, the plaintiff brought a claim for breach of its duty of fair representation. In affirming summary judgment, the Eighth Circuit stated that mere negligence was insufficient to establish a breach of duty of fair representation. *Id.* Defendants argue here Plaintiff has brought a mislabeled federal claim and that the union's representational role is necessarily federal and cannot be the basis for a common law negligence claim. Defendants state that the Eighth Circuit has expressly reserved a ruling on this issue in *Markham*.

The Court finds Plaintiff's negligence claim is preempted by the MHRA and as a result any such claim is a state law claim. The Court further finds that the NLRA preemption argument would be more appropriately considered in the defenses of the MHRA claims in state court, but does not provide a basis for federal jurisdiction for Plaintiff's claims.

As a result, the Court finds Plaintiff's claims are state law claims and the defenses raised by Defendants are not enough to confer federal jurisdiction on the ground of complete preemption. *Id.* (internal citation omitted) ("[T]he presence of a federal question, even a § 301 question, in a defensive argument" does not render a cause removable: "a defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action

7

Case 2:22-cv-04116-MDH   Document 31   Filed 01/19/23   Page 7 of 10

into one arising under federal law, thereby selecting the forum in which the claim shall be litigated.").

Further, the Court finds Plaintiff's claims are not "based on" a provision of the CBA or dependent upon an analysis of the CBA. The Union defendants cite to Article IV of the CBA entitled Arbitration. (Doc. 12-3). The CBA provision sets forth the basis for arbitration after all steps of the Formal Grievance have been established, including "the dismissal for just cause of any employee with more than one complete year's Net Credited Service" and "the disciplinary suspension for just cause of any employee." Defendants argue Plaintiff's claims fall under these provisions. However, Plaintiff's claims specifically allege he was given negligent advice and that Defendants engaged in the unauthorized practice of law. Plaintiff does not reference the CBA or any rights under it. This is not to say that Plaintiff's cause of action for unauthorized practice of law can survive in state court. This Court merely finds that it does not give rise to federal jurisdiction.

The Court does not rule on whether Defendants may ultimately prove that Plaintiff's claims are without merit, either based on the CBA, the NLRA, or some other defense raised in the pending motions to dismiss. The Court only finds that the arguments raised by Defendants do not establish that Plaintiff's claims are removable based on federal preemption. See *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398 (1987).

In *Markham,* the Eighth Circuit stated that the Defendant was "free to assert a preemption defense in state court after the case is remanded, but the presence of a federal question ... in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule—that the plaintiff is the master of the complaint, that a federal question must appear

8

on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Id.* at 759–60.

Upon remand the state court can analyze the issues raised by Defendants, including whether Plaintiff has stated a claim sufficient to survive a motion to dismiss. However, this Court finds it does not have jurisdiction over Plaintiff's claims. Wherefore, for the reasons set forth herein, the Court **GRANTS** Plaintiff's motion to remand.

### 2. Defendants AT&T and Southwestern Bell's Motion to Dismiss

Because the Court finds the claims against the AT&T Defendants should be remanded the Court does not rule on the remaining arguments raised in Defendants' Motion to Dismiss. Any arguments with regard to the failure to state a claim may be raised with the state court upon remand. This includes Defendants' argument that Plaintiff has failed to obtain a notice of a right to sue and Plaintiff's motion for leave to file his right to sue letter. (Doc. 30).

### 3. Defendants CWA, Stuart and Vaughan's Motion to Dismiss or in the Alternative Motion for Summary Judgment.

Defendants argue, in part, Plaintiff fails to state an MHRA claim against these Defendants because he failed to obtain a right to sue letter and that the MHRA does not authorize age discrimination claims against the local union officers Stuart and Vaughan. Again, the issues raised in the Union Defendants' motion to dismiss are issues for the state court to determine upon remand.

### CONCLUSION

Wherefore, for the reasons stated herein, Plaintiff's Motion to Remand is **GRANTED.** (Doc. 17). The case is remanded to the Circuit Court of Pettis County, Missouri. The Court declines to rule on the remaining motions (Docs. 8, 11, and 30) as the Court finds its does not have jurisdiction over these claims.

**IT IS SO ORDERED.**

DATED:  January 19, 2023

                                              */s/ Douglas Harpool*
                                              **DOUGLAS HARPOOL**
                                              **UNITED STATES DISTRICT JUDGE**